## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Trustees of the IBEW Local 400
Welfare, Pension, Annuity, Supplemental,
and Joint Apprenticeship Training Funds
for and on behalf of themselves and said
Funds, and the Board of Trustees, et al.,

          Plaintiffs,

          v.

Four Directions, Inc. d/b/a J. Ford Electric,

          Defendant.

Civil Action No. 18-9012 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Trustees of the IBEW Local 400 Welfare, Pension, Annuity, Supplemental, and Joint Apprenticeship Training Funds for and on behalf of themselves and said Funds, and the Board of Trustees, et al.'s ("Plaintiffs") Motion for Default Judgment. (ECF No. 6.) Four Directions, Inc. d/b/a J. Ford Electric ("Defendant") has not appeared in this action.

    Federal Rule of Civil Procedure 55 sets forth the two-step process required to obtain a default judgment. First, the clerk must enter a party's default. Fed. R. Civ. P. 55(a). Next, a plaintiff seeking default judgment may request default judgment from: (1) the clerk if its claim is for a sum certain or a sum that can be made by computation; or (2) from the court in all other cases. Fed. R. Civ. P. 55(b). The Court must consider three factors to determine whether entry of a default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied[;] (2) whether the defendant appears to have a litigable defense[;] and (3) whether the defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)

(citing *$55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). The "entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") provides:

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Section 502(g)(2) of ERISA provides that when an employer violates Section 515, a court shall award the plaintiff the unpaid contributions, interest on those unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2).

The Clerk entered default in this matter pursuant to Rule 55(a), and Plaintiffs subsequently moved for default judgment pursuant to Rule 55(b). Because Defendant has failed to appear and respond, Defendant is deemed to have admitted the conduct alleged in Plaintiffs' Complaint. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). With respect to the default judgment factors, the Court finds Plaintiffs would be prejudiced if denied default judgment because Defendant did not respond and Plaintiffs have no other means of vindicating their claims. In addition, Defendant has failed to offer a meritorious or litigable defense or offer any reasons for its default. Finally, although Defendant's inaction "may not necessarily reflect bad faith, at the very least it reflects willful conduct." *United States v. DiPiazza*, No. 16-518, 2016 WL 7015625, at *2 (D.N.J. Nov. 30, 2016). The Court, accordingly, finds that the default judgment factors weigh in favor of Plaintiffs.

In support of their motion, Plaintiffs submitted the affidavit of W. Daniel Feehan, Esq. (Feehan Aff., ECF No. 6-1.) In addition, Plaintiffs submitted sufficient documentation to support the amount of default judgment sought with respect to the unpaid contributions and other expenses Defendant owed, including the amounts of interest and liquidated damages of $32,511.80, plus attorneys' fees and costs of $1,669.99, for a total judgment of $34,181.79. The Court, accordingly, grants Plaintiffs' Motion for Default Judgment in the amount of $34,181.79. An appropriate order follows.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: February 19, 2019